# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | **Criminal Action No. 7:19-cr-43** |
| **v.** ) | |
| ) | |
| ) | |
| **TRAVIS DUSTIN ALTIZER,** ) | **By: Hon. Robert S. Ballou** |
| ) | **United States Magistrate Judge** |
| *Defendant*. ) | |

## REPORT AND RECOMMENDATION

In accordance with the provisions of 28 U.S.C. § 636(b)(3), and upon the Defendant's informed and written consent, this case was referred to me for the purpose of conducting a plea hearing.

The Government charged the Defendant in a one-count Superseding Indictment charging that, on or about February 25, 2019, the Defendant, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that being a Smith & Wesson, model M&P Bodyguard, .380 pistol, and such firearm was shipped and transported in interstate commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). These events were charged as occurring within the Western District of Virginia.

The plea hearing was conducted before me on August 26, 2019. The Defendant was at all times present in person and with his counsel, Andrea Harris. The United States was represented by Rachel Barish Swartz, Assistant United States Attorney. The proceedings were recorded by FTR. See Fed. R. Crim. P. 11(g).

With the Defendant's informed and written consent, I made a Rule 11 inquiry; the

Government presented an oral proffer of evidence for the purpose of establishing an independent basis for the Defendant's plea; and the Defendant entered a plea of guilty to the offense charged in Count One of the First Superseding Indictment.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

The Defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the Government's right, in a prosecution for perjury or false statement, to use any statement that he gives under oath against him. See Rule 11(b)(1)(A).

The Defendant testified to the following personal facts: his name is Travis Dustin Altizer. He is 35 years of age, and he received his GED. He is a citizen of the United States, and is able to read, write, and understand English without difficulty. He attended the Bureau of Prison's Residential Drug Abuse Program ("RDAP") in 2011, and has no medical condition, either physical or mental, which might interfere with his ability to understand and to participate fully in the proceeding. He stated that he was using no alcoholic beverage, medication, or drugs which might impair his ability to participate fully in the proceeding and that his mind was clear. He stated that he understood he was in court for the purpose of entering a plea of guilty to a felony offense, which he could not later withdraw. Upon inquiry, the Defendant's attorney represented that she had no reservations about the Defendant's competency to enter a plea of guilty to the felony offense charged in Count One of the First Superseding Indictment.

The Defendant acknowledged that he had received a copy of the First Superseding Indictment; it had been fully explained to him; he had discussed the charge with his attorney; and he had been given enough time to do so. He stated that he understood the nature of the charge against him in the First Superseding Indictment and specifically understood that it charged a

felony offense. See Rule 11(b)(1)(G).  He stated that his decision to enter a plea of guilty to Count One of the First Superseding Indictment had been made after consulting with his attorney. He stated he was fully satisfied with the services of his attorney, and it was his intention and desire to enter a guilty plea to the felony offense described in the First Superseding Indictment.

The Defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States District Judge, and he gave his verbal and written consent to proceed with the hearing before me. The Defendant's written consent was filed and made a part of the record.

Counsel for the parties previously informed the Court that the Defendant's proposed plea of guilty was to be made pursuant to a written plea agreement. See Rule 11(c)(2). Counsel for the Government set forth the Government's understanding of the plea agreement in some detail, including: the agreement for the Defendant to plead guilty to possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year (Count One) [¶ A.1]; the Defendant's express acknowledgment of the maximum sentence for the offense [¶ A.1]; the Government's agreement to recommend a sentence imposed concurrently with Defendant's sentence imposed in state court [¶ B.2]; the Defendant's admission of his factual guilt to Count One of the First Superseding Indictment and his stipulation that there is a sufficient factual basis to support each and every material allegation underlying the charge to which he was proposing to plead guilty [¶¶ A.1, E.5]; the Defendant's express acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the Court, "subject to its consideration of the United States Sentencing Guidelines" and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1]; the Defendant's express recognition that he would not be allowed to withdraw

his guilty plea irrespective of the sentence imposed by the Court [¶ B.1]; the Defendant's stipulation that all matters pertaining to Count One of the First Superseding Indictment are relevant sentencing conduct [¶ B.2]; the terms of the acceptance of the responsibility provision [¶ B.2]; the scope of the Defendant's express waiver of his right of direct appeal [¶ C.1]; the scope of the Defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the Court [¶ C.2]; the Defendant's acknowledgment that he had been effectively represented in this case [¶ E.3]; the parties' express acknowledgment that the written plea agreement constituted the entire understanding between the parties [¶ E.5]; and the substance of the agreement's other terms and provisions. See Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

The Defendant was asked what his understanding of the terms of the agreement was, and he testified that his understanding was precisely the same as that set forth by the Government's attorney. He further represented that he had reviewed the agreement, initialed each page and signed page 13. Counsel for the Defendant, likewise, represented that her understanding was the same and she stated that she was satisfied that the Defendant understood all of its terms. The Defendant was shown the plea agreement, and he affirmed it to be his signature on the document. He further testified that no one had made any other, different, or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty and that no one had attempted in any way to force him to plead guilty in this case. See Rule 11(b)(2). The agreement was then received, filed, and made a part of the record. The Defendant acknowledged that he knew his plea, if accepted, would result in his being adjudged guilty of a felony offense.

After the range of punishments for the offenses charged in Count One of the First Superseding Indictment had been outlined to the Defendant, he acknowledged that he understood

the maximum penalties provided by law for conviction of Count One to be confinement in a federal penitentiary for ten (10) years, a $250,000 fine, and a term of supervised release of three (3) years. See Rule 11(b)(1)(H). He acknowledged that he also understood that, if the Court determines he has at least three prior convictions for serious drug offenses and/or violent felonies, he will face a mandatory minimum sentence of imprisonment for a term of fifteen (15) years and a maximum sentence of imprisonment for life, and a term of supervised release of five (5) years. See Rule 11(b)(1)(I). In addition, the Defendant acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment as to Count One. See Rule 11(b)(1)(L).

The Defendant was informed, and he expressly acknowledged, that the Court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the Defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the Defendant with educational or vocational training, medical care, or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; any applicable forfeiture; and any need to provide for restitution.[1] See Rule 11(b)(1)(J)–(K).

The Defendant testified that his attorney advised him how the Sentencing Commission Guidelines might apply to his case and the Court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines, and other factors under 18 U.S.C. § 3553(a). See Rule 11(b)(1)(M). He stated that he understood

---

[1] The Government indicated that forfeiture of the subject firearm was completed prior to the guilty plea hearing.

that the Court will not be able to determine the recommended guideline sentence for his case until after the presentence report has been completed and he and the Government each had an opportunity to challenge the facts reported by the probation officer.

The Defendant acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that, irrespective of any sentence imposed by the Court, he would have no right to withdraw this guilty plea. He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the Court would also include a period of supervised release, and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. See Rule 11(b)(1)(H).

Each of his procedural rights surrendered on a plea of guilty was also explained, including: his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence; the obligation of the government to prove his guilt beyond a reasonable doubt; his right at trial to see, hear, confront, and cross-examine all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense; his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense; and his right to a unanimous guilty verdict. See Rule 11(b)(1)(B)–(E). The Defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. See Rule 11(b)(1)(F).

Pursuant to the terms of the plea agreement, the Defendant expressly acknowledged that

he understood that he was giving-up all waivable rights to appeal [¶ C.1]. Likewise, pursuant to the terms of the plea agreement, he expressly acknowledged that he understood he was giving up all waivable rights to challenge his conviction or his sentence in any post-conviction proceeding [¶ C.2].

The Defendant acknowledged that in the event he received a more severe sentence than he expected, or the Court did not accept any sentencing recommendation by the government, he would still be bound by his guilty plea and would have no right to withdraw it. In addition, he expressly acknowledged that as part of any sentence, the Court may order him to serve a term of post-incarceration supervised release and that, if he violated the terms of his supervised release, he could be returned to prison for an additional period of time.

In direct response to further questioning, the Defendant also testified that he was pleading guilty to the offense charged in Count One because he had in fact possessed the firearm, he knew he was a convicted felon, and he knew he was prohibited from possessing the firearm.

To permit the Court to determine whether an independent basis in fact existed for the Defendant's plea, counsel for the Government orally proffered a statement of facts which summarized the facts that the Government was prepared to prove at trial to establish the offense charged against this Defendant in Count One of the First Superseding Indictment. A written statement of facts signed by the Defendant and all counsel was also filed into the record. The Defendant and his counsel did not contest any of the facts set forth by the Government. See Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding and after consulting further with his attorney, the Defendant stated that he remained ready to plead guilty pursuant to the terms of the plea agreement. Thereupon, Count One of the First Superseding

Indictment was read to the Defendant, he was called upon for his plea, and he entered a plea of GUILTY to the offense charged in Count One alleging his violation of 18 U.S.C. § 922(g)(1). The clerk read the written guilty plea form to the Defendant; after acknowledging it to be correct, the Defendant executed it, and it was filed and made a part of the record.

The Defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding District Judge, that a presentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the presentence report and to file objections to it.

## GOVERNMENT'S EVIDENCE

The Government proffered that matters leading to Count One of the First Superseding Indictment occurred in the Western District of Virginia. On February 25, 2019, the United States Marshal Service ("USMS") and other law enforcement officers attempted to serve two felony warrants on the Defendant. After Defendant surrendered to law enforcement, officers performed a search incident to arrest. Officers located a black leather holster on Defendant's right hip and several bullets in his pocket. Defendant first denied having a firearm, but then spontaneously informed USMS agents that there was a gun in his closet, under a pile of clothes. He told officers they could get the firearm from the described location and to be careful because it was loaded. USMS then retrieved a loaded Smith and Wesson, M&P Bodyguard, .380 caliber pistol from the location Defendant described, and said firearm had been shipped or transported in interstate commerce. Additional officers were called to the scene and, after waiving his rights, Defendant admitted that the firearm was his and that he had traded a stolen generator in exchange for the firearm.

As of February 25, 2019, Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year and he knew he had previously been convicted of a felony.

All of the above facts took place in the Western District of Virginia.

**FINDINGS OF FACT**

Based on the evidence, representations of counsel, and the Defendant's sworn testimony presented as part of the hearing, I submit the following formal findings of fact, conclusions, and recommendations:

1. The Defendant is fully competent and capable of entering an informed plea to the charge set forth in Count One of the First Superseding Indictment;

2. The Defendant is fully aware of both the nature of the charges set forth in Count One and the consequences of his guilty plea;

3. The Defendant is fully informed, and he understands the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. The Defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

5. The Defendant's entry into the plea agreement and his tender of a plea of guilty pursuant to the terms of the plea agreement were both made with the advice and assistance of counsel;

6. The Defendant knowingly and voluntarily entered his said plea of guilty;

7. The Defendant's plea of guilty did not result from force, threats, inducements, or promises other than those promises contained in the written plea agreement;

9

8. The plea agreement complies with the requirements of Rule 11(c)(1); and

9. The evidence presents an independent basis in fact containing each essential element of the offense to which the Defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, I **RECOMMEND** that the Court accept the Defendant's plea of guilty to the offense charged in Count One of the First Superseding Indictment, that he be adjudged guilty of the said felony offense, and that a sentencing hearing be set before the presiding District Judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by me. The presiding District Judge may also receive further evidence or recommit the matter to me with instructions. A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.

The Clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period, the Clerk is directed to transmit the record in this matter to Michael F. Urbanski, Chief United States District Judge.

    Enter: September 3, 2019

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

Case 7:19-cr-00043-MFU-RSB  Document 48  Filed 09/05/19  Page 11 of 11
Pageid#: 92